TILESTON v. VAUGHAN et al.

(Circuit Court of Appeals, Seventh Circuit. October 12, 1906.)

No. 1,270.

PATENTS—INVENTION—EYE-GUARDS.
    The Tileston patent, No. 513,603, for a flexible ventilated eye-guard, is void for anticipation.

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Appellant, grantee of letters patent No. 513,603, dated January 30, 1894, for a flexible, ventilated eye-guard, failed in his suit against appellees.

The following portions of the specification describe the device:

"My invention is to provide a flexible eye-guard that is ventilated by means employed in its construction which allows the air to circulate through the frame or portions thereof, while protecting the wearer against various annoyances, still, gives to the eye, unobstructed by frame material, full scope of vision."

"In the said drawings A represents the outer or marginal rim, constructed of longitudinal half round pieces of material or other suitable flexible material, between which or to which the edges of the ventilated flexible material, C, are held, being riveted, sewed or by other suitable means held in position. The inner rims, A', surrounding the elongated flexible centers or flexible lenses, B, may be constructed of the same material as the marginal rim, A, or of other suitable material which will hold the lenses or centers in position and to the flexible ventilated material, C. The rims may be constructed of metal, gutta percha, cloth or any suitable flexible substance, held together by rivets, a, a, a, or sewed, or by other means fastened to the ventilated portion of the frame.

"The ventilated portion of the frame holding the elongated centers or lenses may be of any perforated or porous substance which will permit the circulation of air and yet obstruct partially or entirely the passage of dust, insects or other substances liable to annoy or do injury to the wearer and I employ such material as hair cloth, wire gauze, perforated sheet metal, or other suitable flexible material.

"The lenses may be transparent or semitransparent of any flexible nature and if desired waterproof I use mica, flexible glass, or other suitable material. However it is not essential at all times to employ the use of waterproof material in which event I use veiling, wire gauze, bolting cloth or other suitable material for the centers.

"The centers or lenses are elongated to cover beyond the outer corners of the eye, thus enabling the wearer to obtain full scope for the use of the eye without necessitating turning the head.

"The eye-guard is held in position in front of the eyes by means of elastic cord or suitable fastenings attached to the sides at b or by means of the ordinary spectacle bow with fastening adapted to apply when the eye-guard should be reversed.

"Due allowance must be made in construction for the eye-guard to conform to the features of the face."

The claims which are alleged to be infringed are these:

"(1) A flexible ventilated eye-guard consisting of an outer flexible rim inclosing a flexible ventilated frame surrounding the orbital space having flexible lenses secured thereto in the manner and for the purpose substantially as described.

"(2) A flexible ventilated eye-guard consisting of an outer flexible rim inclosing a flexible ventilated inner frame surrounding the orbital space having interchangeable flexible lenses secured thereto in the manner substantially as described.

"(3) The combination in an eye-guard composed of an outer flexible rim, A, of an inner flexible ventilated frame, C, of the flexible lenses, B, and the fastenings therefor substantially as described."

Among nearly a score of prior patents in the record are No. 295,242, Genese, 1884, and No. 41,209, Everett, 1864.

Charles Turner Brown, for appellant.

Florence King, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge (after stating the facts). From the wording of the specification and claims it is quite evident that Tileston believed himself entitled to a monopoly of all forms of flexible ventilat-

ed eye-guards, in which appears the combination of a flexible rim, a flexible, ventilated frame, and flexible lenses.

Genese described and claimed "a flexible, air-tight, eye-guard, consisting of a frame of flexible material completely surrounding the orbital space, and having plane lenses of mica, or other transparent and flexible substance, and an elastic marginal body secured to said frame."

This Genese eye-guard is made air-tight because it is designed to guard from noxious vapors the eyes of employés in metal working and chemical manufactories; but it covers the device of the patent in suit, element for element, flexible rim, flexible frame, and flexible lenses, except that the frame is made of solid instead of perforated or porous material. In his specification Genese states that his frame is "made from thin plates of easily flexible material, such as lead or copper"; that is, the frame can be bent and will stay bent so as to secure a close contact between the rim of the guard and the face of the wearer. Appellant's counsel seeks to differentiate by asserting that the flexibility which Tileston described and claimed was the resilience which, when the bending pressure is removed, springs the material back to its original position. The contention has its basis in the ingenuity of counsel, not in the patent. Tileston's frame is made from "hair cloth, wiregauze, perforated sheet-metal, or other suitable flexible material." So the Tileston frame is obtained by perforating the flexible sheet metal of Genese's frame. And invention cannot be predicated merely on making holes for purposes of ventilation, even if Everett and others, as early as 1864, had not shown the use of wire-gauze for the frame of eye-guards.

The decree is affirmed.